

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,972-01

**EX PARTE SANDY HERNANDEZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-0064-15-C(1) IN THE 139TH DISTRICT COURT
### FROM HIDALGO COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of one count of manslaughter and one count of injury to a child causing serious bodily injury and sentenced to twenty and thirty-two years' imprisonment, respectively. The Thirteenth Court of Appeals affirmed her convictions. *Hernandez v. State*, No. 13-16-00696-CR (Tex. App.—Corpus Christi-Edinburg May 16, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant raises many instances of ineffective assistance of trial counsel and a double jeopardy ground. The habeas court recommended dismissing the writ application for non-compliance because the Applicant listed many separate, specific allegations of ineffective assistance of trial

counsel under one "ground" of ineffective assistance of counsel. In so doing, Applicant complied with the Rules of Appellate Procedure and this Court's habeas corpus form. Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings of fact and conclusions of law resolving Applicant's double jeopardy claim. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 3, 2021

Do not publish